**SO ORDERED: May 26, 2011.**



**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURTS
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KIRK ROBERT JOCHAM, | ) | Case No. 10-17776-JKC-13 |
| | ) | |
| Debtor. | ) | |

### ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

This matter comes before the Court on the Chapter 13 Trustee's Motion to Dismiss (the "Motion") and on Debtor's Objection Thereto. For the reasons states below, the Court grants the Motion.

Debtor commenced this case on November 29, 2010. On Schedule D of his petition, Debtor listed secured debt in the total amount of $1,461,381.00. That indebtedness is largely comprised of five separate mortgages on two parcels of real estate that he owns or owned jointly with his former spouse, Stephanie S. Jocham (the "Mortgages"). None of the secured debts were listed as contingent, unliquidated or disputed.

On January 25, 2011, the Trustee filed his Motion, wherein he argued that the case should be dismissed because Debtor's secured debt exceeded the $1,081,400.00 secured debt limit

established by 11 U.S.C. § 109(e), making him ineligible to be a Chapter 13 debtor. Ms. Jocham also filed an objection to confirmation and joined in the Trustee's Motion. Thereafter, Debtor amended Schedule D to list the Mortgages as contingent and unliquidated in an attempt to take the debt out of the Trustee's § 109(e) calculation. More specifically, Debtor argues that the Mortgages were assumed by Ms. Jocham in the parties' divorce and that, as such, Debtor's liability for the Mortgages is contingent and unliquidated unless and until Ms. Jocham defaults. The Court disagrees.

> Section 109(e) of the Code provides:
>
> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

A debt is "noncontingent" as long as all the events that gave rise to the debtor's liability have occurred prior to the filing of the bankruptcy petition. *In re Knight*, 55 F.3d 231, 236 (7th Cir. 1995). Here, all the events that gave rise to Debtor's liability under the Mortgages and their corresponding notes arose when he executed them. The mere fact that Ms. Jocham assumed the indebtedness as part of the parties' divorce does not alter Debtor's liability to the mortgagees or create a contingency.

In *Glance v. Taylor (In re Glance)*, 487 F.3d 317 (6th Cir.2007) the Court of Appeals for the Sixth Circuit rejected a similar argument. In that case, the debtor listed mortgages on Schedule D on two properties that he jointly owned with his wife. Because the debtor's wife alone signed the promissory notes in connection with each loan, the debtor was "not personally obligated to pay the

2

sums secured" by either mortgage. He had, however, co-signed the mortgages, giving each lender a mortgage lien on the jointly-owned property. *Id*. at 319.

The bankruptcy court dismissed the case upon the Chapter 13 trustee's motion under § 109(e). The district court affirmed that decision. On appeal to the Sixth Circuit, the debtor argued that the subject debts were contingent " because the lenders cannot repossess and sell the properties immediately." *Id.* at 322. Analogizing his debt to a guarantee on an unsecured loan, the debtor insisted that "'without a default on the notes, there is no claim.'" *Id.* The court rejected his argument, stating:

> Yes, a guarantee represents a contingent debt until the principal obligor defaults. *See In re Fischel,* 103 B.R. 44, 47-48 (Bankr.N.D.N.Y.1989). But a mortgage lien is not a guarantee, and it is not contingent. The lien gives a creditor a secured claim on the debtor's property immediately, while the guarantee gives a creditor a claim on the debtor when and only when the principal obligor defaults. The question of contingency turns on whether "all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *In re Mazzeo,* 131 F.3d at 303. Because a debtor's property becomes immediately "liable for the debt" upon the granting of the security interest, a mortgage lien is "noncontingent" under § 109(e).
> 
> No doubt, a similarity remains between the two instruments: In either situation, the creditor may not require payment in full absent default. But the same could be said for any loan. Neither the banker nor the merchant nor the mortgage lender may demand full repayment from a debtor on a whim; each creditor may demand only those funds immediately owed. And yet that reality does not convert every run-of-the-[mill] mortgage into a contingent debt. Otherwise, the outstanding balance on all thirty-year mortgages would represent "contingent" debts even though the debtor has kept pace on his payments and even though full payment generally may not be required under the mortgage instrument until a default. The courts long ago rejected such an interpretation. *See, e.g., Sec. Mortgage Co. v. Powers,* 278 U.S. 149, 155-56, 49 S.Ct. 84, 73 L.Ed. 236 (1928) (distinguishing between attorney's fees that were a "liability still contingent at the time of bankruptcy" and the "principal debt, which is secured by a lien," "was not inchoate at the time" and "had already become perfect when the principal note and the loan deed securing it were given"); *Mertz v. Rott,* 955 F.2d 596, 598 (8th Cir.1992) (characterizing a mortgage as a "fixed liability" rather than a "contingent liability"); *In re Vickers,* 577 F.2d 683, 686 (10th Cir.1978) (distinguishing between "mortgages" and "contingent liabilities"); *United States v. Sheehy,* 541 F.2d 123, 125 (1 st Cir.1976) (same); *Mountain Trust Bank v. Shifflett,* 255 F.2d 718, 719 (4th Cir.1958) (distinguishing

> between "mortgage debts" and "contingent liability"); *Kelly v. Minor,* 252 F. 115, 116 (4th Cir.1918) ("An ordinary lien, such as a judgment, mortgage, or deed of trust, is for a definite amount, not dependent upon any contingency, and not affected by changes in the value of the property to which it attaches.").

*Id*. at 322-23.

As the Sixth Circuit's analysis in *Glance* suggests, the mere fact that Ms. Jocham assumed liability[1] under the notes does not change Debtor's own liability under the Mortgages. All of the conditions necessary to that liability occurred when Debtor executed the Mortgages, well before he filed he filed his bankruptcy petition. His secured indebtedness under the Mortgages, therefore, is not contingent.

The Mortgage debts are also not, as Debtor claims, unliquidated. A debt is "liquidated" if the amount of the claim has been ascertained or can readily be calculated. *Knight*, 55 F.3d at 235. Debtor insists that the debt at issue here is incapable of being readily calculated because Ms. Jocham was current on her loan payments as of the petition date.

Debtor's argument is disingenuous. Regardless of whether there has been a default, the balance due on a loan is easily determined by reference to the underlying loan documents and the payment history. Thus, the Court concludes that the Debtor's secured indebtedness under the Mortgages is not unliquidated. *See id.* at n.4., citing *In re McGovern,* 122 B.R. 712, 717 (Bankr.N.D.Ind.1989) (holding debtor's obligation to creditor, though disputed, was liquidated because amount of liability was readily discernible by reference to an agreement or through simple mathematics); *In re Pulliam,* 90 B.R. 241, 244-46 (Bankr.N.D.Tex.1988) (finding claims liquidated

---

[1] The Court notes that Ms. Jocham's assumption of the liability under the subject notes does not alter Debtor's personal liability under the notes with respect to the lenders. Ms. Jocham and Debtor's property settlement is enforceable only as between them. Regardless of their settlement, they both remain jointly and severally liable under the Mortgages and underlying notes.

because they were ascertainable from guaranty contracts and promissory notes).

Based on the foregoing, the Court concludes that the debts associated with the Mortgages are noncontingent and liquidated and, therefore, were properly included by the Trustee in his § 109(e) calculation. There being no other issue as to the amount of Debtor's secured indebtedness, the Court grants the Trustee's Motion to dismiss and concludes that Debtor is over § 109(e)'s debt limit and that he is, therefore, not entitled to be a Chapter 13 debtor. Debtor is given 21 days to convert to another Chapter of the Code under which he may be eligible, presumably Chapter 11. Failure to do will result in dismissal of the case without further notice.

###

Distribution:

Mark S. Zuckerberg
Robert A. Brothers
Michael J. Alerding